# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § | No. 4:17-cr-107 (Judge Mazzant/Judge Johnson) |
| EFRAIN VASQUEZ. | | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On October 25, 2017, the report of the Magistrate Judge (Dkt. #96) was entered containing proposed findings of fact and recommendations that Defendant Efrain Vasquez's Motion to Suppress (Dkt. #81) be **DENIED**.

Defendant filed objections to the report (Dkt. #110). The Court has made a *de novo* review of the objection and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objection is without merit as to the ultimate findings of the Magistrate Judge.

Defendant objects that the testimony of Sergeant Shea Herrington Shaw ("Sergeant Shaw"), the officer who made the traffic stop, did not provide specific articulable facts to support the reasonableness of Sergeant Shaw's suspicion that Defendant's vehicle was following too closely. *Id*. 5-6. Defendant points to "inconsistency" in Sergeant Shaw's testimony, specifically that Defendant's vehicle was both following too closely and driving too slowly. *Id*. However, the report indicates the Magistrate Judge took this into consideration and still found that, based on "the totality of the circumstances," Sergeant Shaw had reasonable suspicion to conduct the travel stop which led to Defendant's arrest. *See* Dkt. 96 at 6. Furthermore, the transcript of the hearing ("Tr.")

(Dkt. 103) establishes that Sergeant Shaw explained the inconsistency pointed out by Defendant. *See id.*, Tr. at 38:10-12. According to Sergeant Shaw's testimony, Defendant had ample opportunity to pass the vehicle in front of him but instead chose to slow down behind the other vehicle, following the vehicle too closely. Because the Court finds no error in the Magistrate Judge's conclusion, Defendant's objection is **OVERRULED**.

Defendant also argues that based on *Ford v. State*, 158 S.W.3d 488 (Tex. Crim. App. 2005), Sergeant Shaw did not provide specific articulable facts to conclude Defendant's vehicle was following too closely. *See* Dkt. 110 at 5. The Court disagrees. The Dashcam video, along with Sergeant Shaw's testimony that based on his training and experience and his observations he determined that Defendant's vehicle was following too closely, is sufficient to establish reasonable suspicion. Thus, Defendant's objection that Sergeant Shaw did not provide specific articulable facts is **OVERRULED**.

Finally, the Court finds that Defendant's objection regarding the pretextual motivation for the stop and the inapplicability of the collective knowledge theory lacks merit. The report indicates that Sergeant Shaw received information from DEA about suspicious vehicles likely to be travelling through the area; that information, along with his own observations that the vehicle was following too closely, is sufficient to form reasonable suspicion. As the Magistrate Judge pointed out in her report, even if Sergeant Shaw had ulterior motives for making the stop, that has no bearing on the Court's Fourth Amendment analysis. For Fourth Amendment purposes, the traffic infraction, following too closely, provided objective justification for the stop. *United States v. Harris*, 566 F.3d 422 (5th Cir. 2009); *United States v. Martinez-Garcia*, 560 Fed. Appx. 253 (5th Cir. 2014); *Goodwin v. Johnson*, 132 F.3d 162, 173 (5th Cir. 1997). Therefore, this objection is also **OVERRULED**.

Accordingly, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court, and Defendant's Motion to Suppress (Dkt. #81) is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED this 6th day of December, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE